IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| CARL ANTONIO ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:09-0006 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM OPINION AND ORDER

On January 6, 2009, Petitioner, acting *pro se* and incarcerated at FCI Beckley, filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Western District of Virginia. Having considered Plaintiff's claims in this matter and circumstances apparent from the record of the proceedings in the Western District of Virginia, the undersigned has concluded that this matter should be transferred to the Western District of Virginia in the interest of justice pursuant to 28 U.S.C. § 1631.

### BACKGROUND

Petitioner was charged by Indictment filed on May 11, 2006, in the United States District Court for the Western District of Virginia with one count of distribution and possession with the intent to distribute five grams or more of a mixture or substance containing cocaine base, also known as "crack," a Schedule II controlled substance, in violation of 21 U.S.C. § 846 (Count One); two

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

counts of distribution of a measurable quantity of a mixture or substance containing cocaine base, also known as "crack," a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) & (B)(1)(C) (Counts Six and Eight); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Nine); and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count Ten). United States v. Robinson, Criminal No. 6:06-0012 (W.D.Va. Nov. 28, 2006), Document No. 3. Following a jury trial conducted on August 1 - 2, 2006, Petitioner was convicted of Counts One, Six, Eight, and Ten. Id., Document No. 79. Petitioner was sentenced on November 28, 2006, to a 70-month term of incarceration as to each of Counts One, Six, and Eight, and a 60-month term as to Count Ten, to run concurrently. Id., Document Nos. 104 and 106. The District Court further imposed a 6-year term of supervised release as to each of Counts One, Six, and Eight, and a 2-year term as to Count Ten, to run concurrently. Id. Petitioner filed a Notice of Appeal on December 4, 2006. Id., Document No. 108. On July 9, 2007, the Fourth Circuit affirmed Petitioner's conviction and sentence.[2] United States v. Robinson, 240 Fed.Appx. 555 (4th Cir. 2007). Petitioner filed a petition for certiorari on November 13, 2007. On January 7, 2008, the United States Supreme Court denied Petitioner's petition for certiorari. Robinson v. United States, 552 U.S. 1123, 128 S.Ct. 932, 169 L.Ed.2d 771 (2008).

On February 4, 2008, Petitioner filed a Motion for Retroactive Application of Sentencing

---

[2] In his appeal, Petitioner argued as follows: (1) The District Court violated his Sixth Amendment rights because the court, rather than the jury, determined the drug weight used in calculating Petitioner's advisory guideline range; (2) The District Court's finding of drug weight was not supported by the preponderance of the evidence; (3) The District Court erred in failing to grant a downward departure for diminished capacity pursuant to U.S. Sentencing Guidelines § 5K2.13. *United States v. Robinson*, 240 Fed.Appx. 555 (4th Cir. 2007).

Guidelines regarding his Crack Cocaine Offense.[3] Id., Document No. 160. By Order entered on May 5, 2008, the District Court granted his request for a sentence reduction under 18 U.S.C. § 3582(c)(2). Id., Document No. 167. The District Court reduced Movant's sentence to 57 months. Id.

Petitioner filed the instant Petition on January 6, 2009. (Document No. 1.) As grounds for *habeas* relief, Petitioner alleges as follows: (1) "Jury was not allowed to determine the quantity of drugs on which sentence was predicated, in violation of the Sixth Amendment;" (2) "The Court arbitrarily chose a quantity, then applied incorrect guidelines;" (3) "Title 18 U.S.C. § 3553(c) violation by the court, denying right to review under Sixth Amendment;" (4) Illegal enhancement of Category and Level under § 4A1.1(b) of the Sentencing Guidelines;" (5) "Felon in possession charge was based on unusable pretext and illegal search and seizure;" (6) Court refused § 5K2.13 request for downward departure due to judge's disagreement with law, not discretion;" and (7) "Conflicted judge was not impartial." (Id., p. 14.) Petitioner, therefore, requests that he be immediately released from his "illegal incarceration." (Id., p. 29.)

**DISCUSSION**

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus

---

[3] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Petitioner is requesting that his conviction and sentence be overturned asserting constitutional and other grounds. Petitioner is therefore claiming that his conviction and sentence are invalid. His assertions are in the nature of those typically considered under Section 2255. Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he is entitled to resort to Section 2241. Nor was Petitioner procedurally barred from proceeding under Section 2255 when he initiated this matter under Section 2241 (January 6, 2009). The United States Supreme Court denied Petitioner's petition for certiorari on January 7, 2008. He was not procedurally barred under the one year period of limitation from proceeding under Section 2255 in the Western District of Virginia where his sentence was imposed until January 6, 2009. Indeed, Petitioner filed his instant Petition challenging his conviction and sentence within the one year period of limitation. Accordingly, in view of the nature of his claims and other considerations discussed above, the undersigned finds that Petitioner's claims in this matter must be considered under Section 2255. Section 2255 requires that proceedings must be initiated in the

Court where sentencing occurred. Petitioner's sentencing occurred in proceedings in the Western District of Virginia. This District Court does not have jurisdiction to consider Petitioner's claims. Jurisdiction with respect to the claims which Petitioner raised herein is therefore in the Western District of Virginia.

Consideration must be given to whether this matter should be dismissed or transferred to the Western District of Virginia. Title 28 U.S.C. § 1631 provides as follows respecting transferring civil actions:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

The undersigned has found from a study of case law that the transfer of a matter is "in the interest of justice" if the claims raised in the matter are sufficiently meritorious and/or the movant would be procedurally barred from raising them anew in the District with jurisdiction if they were dismissed in the District contemplating transfer. See Wilson v. Williamson, 2006 WL 218203, * 2 (S.D.W.Va.)(Chief Judge Faber presiding). Although many of Petitioner's claims appear to be procedurally barred or non-cognizable, the Court finds that the case should be transferred. Because Petitioner would be barred by the one year limitations period from raising the above issues anew in the District Court with jurisdiction if dismissed by this Court, the undersigned finds that Petitioner's claims in this matter are deserving of consideration by the District Court with jurisdiction (the Western District of Virginia), that the transfer of this matter is in the interest of justice and therefore warranted.

Accordingly, it is hereby **ORDERED** that this matter is **TRANSFERRED** to the Western

District of Virginia pursuant to 28 U.S.C. § 1631. The Clerk is directed to **REMOVE** this matter from the Court's docket.

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to Petitioner, who is acting *pro se*, and the Clerk of the Court for the United States District Court for the Western District of Virginia.

ENTER: June 3, 2010.

R. Clarke VanDervort
United States Magistrate Judge